THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| CONNOR SPORT COURT INTERNATIONAL,<br><br>               Plaintiff,<br><br>v.<br><br>SHIJIAZHUANG ENLIO SPORTS GOODS CO., LTD,<br><br>               Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [44] MOTION FOR DEFAULT JUDGMENT**<br><br>Case No. 2:18-cv-00778-DBB<br><br>District Judge David Barlow |

Plaintiff Connor Sport Court International ("CSCI") brought a suit against Shijiazhuang Enlio Sports Goods ("Enlio") for patent infringement, trademark infringement, unfair competition, and deceptive trade practices.[1] Enlio has not appeared in this lawsuit and on August 31, 2021, the clerk of court entered a default certificate against it.[2] Nothing further happened in the case until March 1, 2022, when this court entered an Order to Show Cause as to why the case should not be dismissed due to lack of prosecution.[3] On March 15, 2022, CSCI filed a motion for entry of default judgment.[4] Because CSCI has not made a prima facie showing that this court has personal jurisdiction over Enlio, its motion for default judgment is DENIED.

---

[1] *See* Complaint, ECF No. 2, filed Oct. 4, 2018.
[2] Clerks Entry of Default Certificate at 1, ECF No. 42, filed Aug. 31, 2021.
[3] Order to Show Cause, ECF No. 43, filed Mar. 1, 2022.
[4] *See* Motion for Entry of Default Judgment at 1, ECF No. 44, filed Mar. 15, 2022.

**ANALYSIS**

When considering a motion for default judgment, the court accepts as true the well-pleaded allegations in the complaint.[5] "[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties."[6] A plaintiff has the burden of showing that the court has personal jurisdiction over a defendant, but when there has been no evidentiary hearing on jurisdiction, a plaintiff need only make a prima facie showing of personal jurisdiction.[7]

In this case, CSCI makes one jurisdictional allegation: that "[u]pon information and belief, this Court has specific personal jurisdiction over Defendant because Defendant has purposefully directed its activities toward the state of Utah by selling its products—which infringe the patents at issue in this case—directly into the state of Utah."[8] "Specific jurisdiction is proper if (1) the out-of-state defendant 'purposefully directed' its activities at residents of the forum State, and (2) the plaintiff's alleged injuries 'arise out of or relate to those activities.'"[9] In support of its jurisdictional allegation, CSCI attached a screenshot of Enlio's product for sale on Alibaba.com, an online retailer.[10] The attached screenshot does not reference Utah and contains no evidence that Enlio has purposefully directed its activities at residents of Utah. Additionally, CSCI's allegation that "[u]pon information and belief . . . Defendant has purposefully directed its

---

[5] *United States v. Craighead*, 176 Fed. App'x 922, 924 (10th Cir. 2006) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.").
[6] *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986).
[7] *XMission, L.C. v. Fluent LLC.*, 955 F.3d 833, 839 (10th Cir. 2020).
[8] Complaint at ¶ 6.
[9] *XMission*, 955 F.3d at 840 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).
[10] *See* ECF No. 2-5 at 2–6, filed Oct. 4, 2018.

activities toward the state of Utah by selling its products . . . directly into the state of Utah" is conclusory. In short, CSCI has not met its burden to make a prima facie showing that this court has personal jurisdiction over Enlio. Accordingly, CSCI's motion for default judgment is denied.

## ORDER

CSCI's Motion for Default Judgement is DENIED and the complaint is dismissed without prejudice for lack of personal jurisdiction. CSCI is granted leave to file an amended complaint and motion for default judgment within 14 days of this order. Failure to file an amended complaint and motion for default judgment that meet CSCI's burden to show that this court has personal jurisdiction over the defendant will result in dismissal of the complaint for lack of jurisdiction and closure of the case.

Signed: April 20, 2022.

BY THE COURT

_____
David Barlow
United States District Judge